## DAVID R. BREESE

*v.*

## GEORGE L. SCHULER *et al.*

CHANCERY—*will afford relief to a surety against a party who has obtained the whole estate of the principal, by an illegal contract, and is attempting to enforce payment from such surety.*   S obtained a judgment against A upon a note, to which Breese and Baker were securities, but not having recovered so large a sum as he had anticipated, by reason of A's testimony, S procured an indictment against A for perjury, whereupon A concealed himself so that process could not be served upon him.   While thus situated, S compounded the offense with A by taking a certain note against one Mills, which constituted A's whole property: *Held*, in suit in chancery brought by Breese, to compel the appropriation of the avails of such note, to the discharge of the judgment obtained upon the note to which he was one of the sureties, that the transaction between S and A was illegal, and complainant having been no party to it, equity would afford him the relief asked.

WRIT OF ERROR to the Circuit Court of Marshall county; the Hon. S. L. RICHMOND, Judge, presiding.

The facts in this case are fully stated in the opinion.

Messrs. BUSHNELL & AVERY and Mr. D. P. JONES, for the plaintiff in error.

Messrs. BANGS & SHAW, for the defendants in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The proofs fully sustain the charges of the bill, and there can be no doubt of the fact that Schuler received this note as the consideration for compounding a felony, for which the owner of the note had been indicted, on Schuler's testimony. Compounding a felony is an indictable offense.   Sec. 103 Crim. Code, Scates' Comp. 392.

The case, then, is this: Schuler had a judgment against E. C. Anderson, on a note to which plaintiff in error, with

42—48TH ILL.

330      BREESE *v.* SCHULER *et al.*      [Sept. T.,

Opinion of the Court.

Hiram Baker, were securities. Schuler, not having recovered so large a judgment as he anticipated, by reason of Anderson's testimony, complained of Anderson to the grand jury, and had him indicted for perjury, on which Anderson fled the State, or concealed himself so that process could not be served on him. While in this condition, Mills' note, for five hundred dollars, being all the property Anderson had, was delivered up to Schuler, as the testimony fully justifies us in saying, in consideration that he would not prosecute this indictment.

Now the question is, as this contract was illegal, and the plaintiff only a surety of Anderson, does not justice and equity demand that Schuler shall apply the note thus received to the payment of the judgment, so far as it will go, and to that extent relieve the plaintiff in error, who was only a security on the note on which the judgment was obtained.

The right, on the part of a surety, to make this application to stop funds which are about to be paid over on an illegal transaction, and to the loss and prejudice of the party, can not be questioned, the more especially, when it is shown, as it is here, that this note, so disposed of constituted the entire bulk of the property of the principal.

It will be observed, that the plaintiff in error was no party to the illegal transaction by which this note was passed to Schuler, and was not, therefore, *in pari delicto.* He was an innocent third party, occupying the position of a surety to one who was thus surrendering all the property he had, to consumate a nefarious transaction. The law would be very deficient if it did not afford a remedy to the sufferer. We think it ample for such purpose, and justice and equity unite with it in saying that a surety shall not be injured by such a transaction, but that the avails of the note shall be appropriated to the discharge of the debt for which he is surety.

The circuit court having entertained different views, the decree must be reversed and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*